FILED

2008 Sep-03  PM 04:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **SAMELIA BUIE O/B/O J.L.B.,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:07-CV-1197-RDP** |
| | } | |
| **MICHAEL J. ASTRUE,** | } | |
| **Commissioner of Social Security** | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OF DECISION

Plaintiff Samelia Buie (hereinafter "Plaintiff"), on behalf of her minor child, J.L.B. (hereinafter "Claimant"), brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), and Section 1631(c) of the Social Security Act, 42 U.S.C. § 1383(c), seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for Child's Supplemental Security Income benefits ("child SSI benefits") under Title XVI of the Social Security Act ("the Act").

### I.  Proceedings Below

Plaintiff filed her application for child SSI benefits on May 16, 2003, alleging a disability onset date of June 26, 2002.  (Tr. 12, 37-43, 48).  Plaintiff's application was denied initially and also upon reconsideration.  Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  (Tr. 30).  The hearing was held on August 16, 2004 in Birmingham, Alabama.  (Tr. 31, 229-57).  In the February 9, 2005 decision, the ALJ determined that Claimant had not met the disability requirements within the meaning of the Act and was thus not eligible for child SSI benefits.  (Tr. 18).  After the Appeals Council denied Plaintiff's request for review of the ALJ's

decision (Tr. 4-7), that decision became the final decision of the Commissioner, and therefore a proper subject of this court's review.

Claimant was born in 1991 and was in the seventh grade at the time of the hearing in question. (Tr. 40, 234). Plaintiff alleged in the disability report that Claimant suffered from attention deficit hyperactivity disorder ("ADHD"). (Tr. 57). Plaintiff stated that Claimant's ADHD limits his daily activities because he could not focus or stay quiet. (*Id.*). In 2002, Claimant was assessed for eligibility of an individualized education program because of behavioral problems and falling grades. (Tr. 120-23). Upon taking the Wechsler Intelligence Scale for Children, 3rd edition (WISC-III), Claimant obtained a verbal IQ score of 80, a performance IQ score of 90, and a full scale IQ score of 83. (Tr. 120). Claimant was found to be eligible for behavioral intervention assistance. (Tr. 123). In May 2002, Claimant was suspended from school for two days due to an assault. (Tr. 134).

On June 26, 2002, Dr. Alaa Elrefai conducted an initial psychiatric evaluation of Claimant at Children's Hospital. (Tr. 157-58). Dr. Elrefai reported that Claimant was alert, inattentive, fidgety, and easily distracted. (Tr. 158). His speech was coherent with normal rate and tone. (*Id.*). Dr. Elrefai diagnosed Claimant with ADHD, prescribed him medication, and referred him for psychotherapy and psycho-education. (Tr. 158). In August 2002, Dr. Elrefai diagnosed Claimant with a learning disorder. (Tr. 154-56).

Cristal Cummings, M.S., performed a psychological evaluation of Claimant in June 2003. (Tr. 144). The mental status examination was mostly normal with no more than slight abnormalities noted in any area. (Tr. 145-47). The primary diagnosis was ADHD with oppositional-defiant disorder given as a second diagnostic impression. (Tr. 147).

2

In August 2003, Dr. Larry Dennis, a State Agency medical consultant, reviewed the record and opined that Claimant's impairments of ADHD and learning disorder resulted in less than marked limitations in the domains of acquiring and using information, attending and completing tasks, and interacting and relating to others. (Tr. 138). Dr. Dennis also stated Claimant was without limitations regarding moving about and manipulating objects, caring for himself, and health and physical well-being. (Tr. 139).

In January 2004, Claimant was suspended from school for three days for fighting. (Tr. 132). For academic year 2003-2004, Claimant received final grades of two B's and four C's. (Tr. 128). He was absent a total of eleven days during this academic school year. (*Id.*).

In July 2004, Dr. Elrefai completed a child development and functioning rating and opined that Claimant had marked limitations in the domains of attending and completing tasks and in interacting and relating to others and had less than marked limitations in the domain of acquiring and using information. (Tr. 165-66). She also stated that Claimant had no limitations in the areas of moving about and manipulating objects, caring for himself, and health and physical well-being. (*Id.*).

## II.  ALJ Decision

In 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, which amended the statutory standard for determining child SSI benefits. *See* P.L. No. 104-193, 110 Stat. 2105. The revised standard states that:

> [a]n individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result

in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C)(i). On September 11, 2000, the Social Security Administration published final rules implementing the Personal Responsibility and Work Opportunity Reconciliation Act of 1996. *See* 65 Fed. Reg. 5471. These rules became effective on January 2, 2001. *See id.*

The rules establish a three-part test in determining a child's disability. First, the ALJ determines whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(a). If the child is not engaged in substantial gainful activity, the ALJ then determines whether the child suffers from a severe impairment or combination of impairments. *Id.* An impairment or combination of impairments is "severe" if it causes more than minimal functional limitations. 20 C.F.R. § 416.924(c). If the child suffers from a severe impairment or combination of impairments, the ALJ then determines whether the child's impairments meet, medically equal, or functionally equal an impairment listed under Appendix I to Subpart P of Part 404. 20 C.F.R. § 416.924(a).

Functional equivalence is dependent on the child's impairments or combination of impairments resulting in marked limitations in two broad categories of functioning or extreme limitation in one broad category of functioning. 20 C.F.R. § 416.926a(a). The final rule lists six broad areas of functioning: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(I)-(vi).

The ALJ found that Claimant has not engaged in substantial gainful activity since the alleged onset date of disability. (Tr. 17). Based on the evidence presented, the ALJ concluded that Claimant

has ADD/ADHD, learning disorder, and possible oppositional defiant disorder, impairments which are "severe" as defined by the Social Security Regulations.  (*Id*.).  Nonetheless, the ALJ determined that the impairments were not attended with limitations which either functionally or medically meet or equal any of the Medical Listings found in 20 C.F.R. Part 404, Appendix 1 to Subpart P.  (*Id*.).  The ALJ found that, based on treatment notes and school records, Claimant does not experience "marked" limitations in two of the broad categories of functioning or "severe" limitation in one broad category of functioning.  (Tr. 17).  After considering all the evidence, the ALJ found that Claimant experiences less than marked limitations in: acquiring and using information; attending and completing tasks; and interacting and relating to others.  The ALJ found that Claimant experiences no limitations in the following areas: moving about and manipulating objects; caring for himself; and in health and physical well-being.  (*Id*.).  Thus, the ALJ ruled that Claimant is not disabled as that term is defined in the Act and that Claimant is, therefore, not entitled to a period of benefits.  (Tr. 18).

### III.  Plaintiff's Argument for Remand or Reversal

Plaintiff seeks to have the ALJ's decision, which became the final decision of the Commissioner following the denial of review by the Appeals Council, reversed, or in the alternative, remanded for further consideration.  (Doc. #9, at 8).  Plaintiff argues that for the following reason, the ALJ's decision is not supported by substantial evidence and improper legal standards were applied: the ALJ committed reversible error when he accorded more weight to the non-examining state agency physician than he did to Claimant's long-term treating psychiatrist, Dr. Elrefai.  (Doc. #9, at 6).

**IV.  Standard of Review**

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision,  *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988);  *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The Commissioner's findings are conclusive if supported by "substantial evidence."  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence.  *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted).  If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings.  *See Martin*, 894 F.2d at 1529.  While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance."  *Lamb*, 847 F.2d at 701.  For the reasons set forth below, the ALJ's decision denying Claimant child SSI benefits is due to be affirmed.

6

## V.  Discussion

**A.     The ALJ Did Not Err by According More Weight to the Non-examining State Agency Physician than to Claimant's Long-term Treating Psychiatrist.**

Plaintiff argues that the opinion of a non-examining, reviewing physician is entitled to little weight. (Doc. #9, at 6).  He contends that, taken alone, the opinion of such a physician does not constitute substantial evidence to support an administrative decision; therefore, he asserts the ALJ should not have relied so heavily on the opinion of Dr. Dennis, the reviewing physician, in concluding that Claimant does not meet the disability requirements for child SSI benefits.  (*Id.*). Plaintiff further contends that, as Dr. Dennis's opinion is located in Exhibit 1F, he did not have an opportunity to review any of Claimant's medical records (located in Exhibits 2F - 6F) before issuing his medical report on Claimant.  (*Id.*).  As such, Plaintiff additionally argues that Dr. Dennis's opinion was ill-informed and therefore should have been accorded even less weight.  (*See id.*). Finally, Plaintiff asserts that the ALJ erred by according more weight to Dr. Dennis's opinion than to the opinion of Dr. Elrefai, the treating psychiatrist.  (Doc. #9, at 7).

The court finds that the ALJ did not err in its assigning weight to each physician's medical opinion.  First, the ALJ did in fact duly consider Dr. Elrefai's opinions.  The ALJ explained that upon initial examination of Claimant by Dr. Elrefai, Dr. Elrefai found severe behavioral problems; however, upon subsequent examination, after Claimant had been taking his prescribed mediation, Dr. Elrefai noted Claimant was doing better, his grades were better, and he was calm and cooperative during the evaluation.  (Tr. 16, 153).  Later in 2003, although Claimant was disruptive in October, he was noted to be "doing fine" in December.  (Tr. 16, 170-71).  The ALJ explained that Dr. Elrefai's records reflect an overall improvement in Claimant once he began taking medication.  (Tr. 16).  This

conclusion is based on the treating physician's records.  In contrast to Plaintiff's argument, then, the ALJ did in fact accord significant weight to the opinions of the treating physician.  Having done so, the ALJ concluded from those opinions that Claimant had improved significantly after treatment and did not, therefore, meet the disability requirements.

Admittedly, Dr. Elrefai did find that Claimant had marked limitations in the domains of attending and completing tasks and in interacting and relating to others, as cited in her child development and functioning rating.  (Tr. 16, 165-66).  However, the ALJ logically explained why he gave these conclusions less weight, stating that they were inconsistent with Dr. Elrefai's own records of evaluation which show much improvement in Claimant.  (Tr. 16).  Additionally, as the ALJ noted, Dr. Elrefai stated these conclusions in July 2004—seven months after Dr. Elrefai's last examination of Claimant—at which time Dr. Elrefai found Claimant to be doing well with only a couple of minor incidents at school.  (Tr. 16, 170).

The court recognizes that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding the treating physician's diagnosis.  *See, e.g., Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985) (per curiam).  However, the weight afforded to a medical opinion is contingent upon whether the medical source "presents relevant evidence to support an opinion, particularly medical signs and laboratory findings . . . [and the] explanation source provides for an opinion."  *See* 20 C.F.R. § 416.927(d)(3).  An ALJ may properly discredit the opinion of a treating source as long as the ALJ shows good cause in his decision.  *See* 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2); *McGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

Here, the ALJ gave good cause for assigning little weight to Dr. Elrefai's opinions in her July 2004 report. The ALJ relied on Dr. Elrefai's own findings in discrediting her conclusions, and determined that Dr. Elrefai's examination results did not support her child development and functioning ratings.

Plaintiff further argues that the ALJ erred by giving more weight to the opinion of Dr. Dennis, the non-examining medical consultant, than to the opinion of Dr. Elrefai. The court disagrees. First, as previously noted, the ALJ did give Dr. Elrefai's examination records significant weight. (Tr. 16). The only part of Dr. Elrefai's findings accorded little weight were her ratings on the child development and functioning form. (*Id.*). The court has already explained why the ALJ was justified in according less weight to these findings. Moreover, while generally the ALJ should accord less weight to a consultative physician than a treating physician, the Eleventh Circuit has held that a physician's conclusory statements are to be afforded weight only to the extent that they are supported by clinical or laboratory findings and are consistent with other evidence as to the claimant's impairments. *See Wheeler v. Hacker*, 784 F.2d 1073, 1075 (11th Cir. 1986). Additionally, all medical opinions must be considered together with the rest of the relevant evidence. *See* 20 C.F.R. § 416.927(d)(1),(b). Here, the ALJ explained that Dr. Dennis's conclusions were made after Claimant had been on medication for over a year and are consistent with the findings of record as a whole. (Tr. 17). The ALJ determined that Dr. Dennis's opinions were supported by Dr. Elrefai's examination records and other evidence (such as Claimant's and Plaintiff's testimony); therefore, the court finds that the ALJ was justified in assigning significant weight to Dr. Dennis's opinions.

## VI.  Conclusion

The court concludes that the ALJ's determination that Claimant is not disabled is supported by substantial evidence and proper legal standards were applied in reaching this determination.  The Commissioner's final decision is, therefore, due to be affirmed and a separate order in accordance with this memorandum of decision will be entered.

**DONE** and **ORDERED** this _____3rd_____ day of September, 2008.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE